UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR RIVERA,

                              Plaintiff,

           -against-

CONNOR McNAMARA; SCOTT MIDGEN;
ROBERT TSIGLER; THE CITY HOUSING
POLICE & PSA – 7 OFFICER;
COMMISSIONER NEW YORK POLICE;
DEPUTY COMMISSIONER NEW YORK
POLICE; ALL SHIELD PERSONNEL
EMPLOYEES OF NYC POLICE
CIRCUMVENTING ARREST & EVENTS
LEADING TO CONFRONTATION OF NOV.
2, 2022; INVESTIGATION OF INCIDENTS
PRIOR ALL DETECTIVE UNIFORMED
OFFICERS SENIOR DISTRICT
ATTORNEY & PROSECUTOR; CITY OF
NEW YORK,

                              Defendants.

23-CV-9530 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated at the North Infirmary Command on Rikers Island,

brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally

protected rights. By order dated November 2, 2023, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth

below, the Court directs Plaintiff to file an amended complaint within 60 days of the date of this

order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against: (1) attorneys Connor McNamara Scott Midgen, and Robert Tsigler; (2) the "City Housing Police & PSA 7 Officers"; (3) the New York Police Commissioner; (4) the Deputy New York Police Commissioner; (5) the City of New York; (6) "All Shield Personnel Employees" involved in the "confrontation on November 2, 2022";[2] and (7) Bronx County District Attorney Darcel Clark. The following facts are drawn from the complaint regarding events occurring at the Adams Houses, a housing project in Bronx County.

In August 2021, Plaintiff obtained a plot in a community garden for tenants of the Adams Houses, spent "hundreds" of dollars in gardening supplies, and removed garbage, appliances, and other debris from the garden. (*Id.* ¶ V.) Plaintiff "began to have trouble with neighbors" who littered and threw cigarettes and bottles at him. (*Id.*) Plaintiff distributed flyers about the conduct of these neighbors, some of whom were gang members, and they got angry at Plaintiff, threatened him, his daughter, and his grandson with knives, broke his car windows, and stole his gardening supplies. (*Id.*) Plaintiff repeatedly called 911 and filed multiple reports with the housing management office, the 40th Precinct, the "PSA-7 Housing [Police]" and Detective Johnson, and he attempted to get an order of protection from the "Bronx Courts," but he obtained no relief from any of these entities. (*Id.*)

On November 2, 2022, Plaintiff was charged with attempted murder. He does not explain exactly what happened, but it appears that his arrest relates to the conflicts he had with other individuals regarding their behavior in the garden. Plaintiff asserts:

> Although not enough information to adequately support inference said parties
> sought to murder myself & daughter & grandson Rivera argues the alleged
> victims & complainants are not so the victim is myself. The attackers surrounded

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

my person brandishing knives over their faces & knives. I threw stones at them
and it is alleged a weapon was (fired) in the air.

(*Id.*)

Plaintiff asserts that the police and the District Attorney's Office failed to investigate his

complaints, and that his criminal defense attorneys "failed to raise" important issues, including

his complaints to law enforcement about the "alleged victims," and "justification, temporary

innocent possession of weapon at grand jury and trial jury." (*Id.*) Plaintiff seeks declaratory and

injunctive relief and money damages, and he asserts without elaboration that his claims should

not be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 7.)

## DISCUSSION

**A.     The named defendants**

1.     Police commissioner and deputy commissioner

Plaintiff filed this complaint under 42 U.S.C. § 1983. To state a claim under Section

§ 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the

United States was violated, and (2) the right was violated by a person acting under the color of

state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must also allege

facts showing each individual defendant's direct and personal involvement in the alleged

constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d

Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")

(internal quotation marks omitted). A defendant may not be held liable under § 1983 solely

because that defendant employs or supervises a person who violated the plaintiff's rights. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the police commissioner or deputy police commissioner were personally involved in the events underlying his claims. The Court grants Plaintiff leave to file an amended complaint to provide facts, should any exist, showing that these defendants were directly and personally involved in violating his federally protected rights.

2. "City Housing Police" and the City of New York

Plaintiff's claims against the "City Housing Police" must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff also sues the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to

state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege facts suggesting that a municipal policy, custom, or practice caused the violation of his constitutional rights. The Court grants Plaintiff leave to file an amended complaint to provide facts, should any exist, supporting a municipal liability claim.

3. Attorneys McNamara, Midgen, and Tsigler

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendants McNamara, Midgen, and Tsigler are private

6

parties who are not alleged to work for any state or other government body, Plaintiff has not

stated a claim against these defendants under Section 1983.[3]

    4.    District Attorney Darcel Clark

Prosecutors are immune from civil suits for damages for acts committed within the scope

of their official duties where the challenged activities are not investigative in nature but, rather,

are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*,

694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a

"functional approach" that "looks to the nature of the function performed, not the identity of the

actor who performed it" (internal quotation marks and citations omitted)). In addition,

prosecutors are absolutely immune from suit for acts that may be administrative obligations but

are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344

(2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs'

direction as to where criminal defendant would be arraigned was in preparation for a court

proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded

by absolute immunity (citing, *inter alia*, *Van de Kamp*, 555 U.S. at 344).

---

[3] Plaintiff may wish to assert legal malpractice claims under state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any legal malpractice or other state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

Here, Plaintiff's claims against District Attorney Clark appear to be based on actions taken within the scope of her official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.      Claims for damages under Section 1983**

1.      Failure-to-investigate

To the extent Plaintiff is alleging that various state actors violated his rights by failing to investigate his complaints, he cannot state a claim because the Constitution of the United States does not generally provide individuals with an affirmative right to an investigation of their claims by the government. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)). The Court therefore dismisses Plaintiff's failure-to-investigate claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Claims relating to arrest

Plaintiff may be attempting to assert a false arrest claim. The Court first looks to state law to establish the elements of a false arrest claim under Section 1983. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must

look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir.

2018) (holding that common law principles are meant simply to guide rather than to control the

definition of Section 1983 claims and courts should not "mechanically apply" the law of New

York State).

Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the

defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement,

(3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it

is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

Officers have probable cause to arrest when they "have knowledge or reasonably

trustworthy information of facts and circumstances that are sufficient to warrant a person of

reasonable caution in the belief that the person to be arrested has committed or is committing a

crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation

omitted). "Probable cause can exist even where it is based on mistaken information, so long as

the arresting officer acted reasonably and in good faith in relying on that information." *Bernard*

*v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)

(holding that a police officer is "not required to explore and eliminate every theoretically

plausible claim of innocence before making an arrest.").[4]

---

[4] It appears that Plaintiff's criminal proceedings are pending. A state prisoner does not
state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would
necessarily render his continuing confinement invalid, until and unless the reason for his
continued confinement has been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal, or has been called into question by a federal court's issuance
of a writ of *habeas corpus* under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87
(1994).

Plaintiff provides few facts about the circumstances leading up to his arrest, and his allegations are thus not sufficient to state a false arrest claim. The Court grants Plaintiff leave to file an amended complaint to provide facts suggesting that, in arresting him, the police lacked probable cause or otherwise acted unreasonably or in the absence of good faith.

**C.     Habeas corpus relief**

1.     Petition under 28 U.S.C. § 2241

The Court construes that part of Plaintiff's submission that challenges aspects of his ongoing criminal proceedings as a petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2241. A prisoner in state custody generally must challenge his incarceration in a petition under 28 U.S.C. § 2254, but relief in a petition under 28 U.S.C. § 2241 may be available to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013*); Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

2.     Abstention pending final judgment.

Although Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States

Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975); *see also Baker v. Sup. Ct. for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Plaintiff brings this petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final.

Courts have found special circumstances warranting *habeas corpus* relief before trial in at least two situations. First, pretrial *habeas corpus* relief may be appropriate where the Plaintiff's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas corpus* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the Plaintiff] were compelled to raise his double jeopardy claim after the second trial.").

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is

collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975)

(holding that federal court correctly declined to abstain from hearing claims that prisoners were

being detained without probable cause hearings because "[t]he order to hold preliminary hearings

could not prejudice the conduct of the trial on the merits," and was directed "only at the legality

of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the

criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas corpus* petition could be heard

before trial where Plaintiff sought to be brought speedily to trial and "made no effort to abort a

state proceeding, or to disrupt the orderly functioning of state judicial processes"). *But see*

*Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (holding in an action under 42 U.S.C. § 1983

that interference with state bail proceedings would violate principles of *Younger*); *see also*

*Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) ("*Younger* abstention ordinarily applies to a

state court's bail application proceedings." (citation omitted)).

Here, Plaintiff's assertion that the state court has violated his right to fair criminal

proceedings could arguably present special circumstances permitting *habeas corpus* review prior

to the conclusion of his criminal proceedings. *See Braden*, 410 U.S. at 493. But Plaintiff does not

allege that he has exhausted his state-court remedies with respect to his claims.

3.     Exhaustion of state court remedies

Although Section 2241 does not contain a statutory exhaustion requirement, the statute

has been interpreted as requiring a Plaintiff to exhaust available state court remedies prior to

seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New*

*York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion]

requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is

designed to give the state courts a full and fair opportunity to resolve federal constitutional

claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S.

838, 844 (1999), thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *id.* (noting that the Supreme Court has "never interpreted the exhaustion requirement" to require "a state prisoner to invoke *any possible* avenue for review" (emphasis original)). A Plaintiff who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As Plaintiff provides no facts showing that he has exhausted his state court remedies, the petition is denied without prejudice, with leave to replead should he be able to provide facts showing that he has exhausted his state court remedies.[5]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[5] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* Plaintiff must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous related *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* litigant notice and an opportunity to withdraw the submission before a court recharacterizes it as a petition under Section 2241. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because denial of *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, arising out of his arrest, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. If Plaintiff wishes to pursue *habeas corpus* relief, and can show that he has exhausted his state court remedies, he may include provide those facts in his amended pleading.

14

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-9530 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 8, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been
assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                       Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____